UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS ARMAND ALEXANDR BAUDIN,

Plaintiff,

v.

PALO ALTO UNIFIED SCHOOL DISTRICT, et al.,

Defendants.

Case No.  5:25-cv-10605-PCP

**ORDER SCREENING COMPLAINT**

Re: Dkt. No. 21

Pro se plaintiff Thomas Baudin filed a complaint against the Palo Alto Unified School District (PAUSD) and various district personnel. Dkt. 8. Because Baudin sought to proceed *in forma pauperis*, the Court screened Baudin's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2), found that it failed to allege any valid federal claims, and declined to exercise supplemental jurisdiction over Baudin's remaining state claims. The Court granted Baudin leave to amend, and Baudin did so. Dkt. 21. His revised complaint states a single claim seeking damages for retaliation in violation of the First Amendment under 42 U.S.C. § 1983. Because Baudin is proceeding *in forma pauperis* in this matter, the Court must once again screen his complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even a temporary or probationary public employee who can be "discharged for any reason or for no reason at all" "may nonetheless be entitled to reinstatement if she was discharged for exercising her constitutional right to freedom of expression." *Rankin v. McPherson*, 483 U.S. 378, 383–84

(1987) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 284–85 (1977)). To determine whether a government employer impeded an employee's First Amendment rights through retaliatory action, courts in the Ninth Circuit use a five-step test, asking:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Johnson v. Poway Unified Sch. Dist.*, 658 F. 3d 954, 961 (9th Cir. 2011) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)). Because the test is sequential, a plaintiff's failure to satisfy one step of the test "necessarily concludes our inquiry." *Id.* (citation omitted).

Baudin alleges that on May 13, 2025, he was wrongfully terminated from his substitute teaching position after telling a student that the film "Lilo & Stitch" was altered due to the events of September 11, 2001. He asserts that his speech was protected by the First Amendment because he spoke as a private citizen and not as a public employee. Despite Baudin's amendments, he still cannot satisfy the second step of the *Johnson* test. *See* Dkt. 12.

The Ninth Circuit has held that "teachers do not cease acting as teachers each time the bell rings or the conversation moves beyond the narrow topic of curricular instruction." *Johnson*, 658 F. 3d at 967–68. Here, Baudin's speech occurred "[d]uring class" and "with a student" while he was employed as a substitute teacher. Dkt. 21 ¶ 14. It does not matter that the conversation was allegedly "private." *Id*. Because Baudin was in the classroom and spoke to a student during a lesson, he spoke as a government employee. *Johnson*, 658 F. 3d at 968 ("[T]eachers *necessarily* act as teachers … when at school or a school function, in the general presence of students, in a capacity one might reasonably view as official.").

Baudin's argument that he spoke because he saw the student playing with a Stitch doll, and not in any official capacity related to teaching, fares no better. A teacher's speech need not be related to the lesson at hand to be considered official. *See id*. at 967 n.13 (noting that whether the content of a teacher's speech was part of the curriculum was "irrelevant" when determining if that teacher spoke as a citizen or an employee); *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517,

United States District Court
Northern District of California

522–23 (9th Cir. 1994) ("[C]urriculum is only one outlet of a school district's expression of its policy.").

Because Baudin's revised complaint still does not adequately allege a federal claim, the Court dismisses it pursuant to 28 U.S.C. § 1915(e)(2)(B). Dismissal is with prejudice and without further leave to amend. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated: March 3, 2026

_____

P. Casey Pitts
United States District Judge